1  WILLIAM MCGRANE [57761]
   MATTHEW SEPUYA [287947]
2  MCGRANE PC
3  4 Embarcadero Center, Suite 1400
   San Francisco, CA 94111
4  Telephone: (415) 292-4807
   william.mcgrane@mcgranepc.com
5  matthew.sepuya@mcgranepc.com

6  MICHAEL J. HASSEN [124823]
7  REALLAW, APC
   1981 N. Broadway, Suite 280
8  Walnut Creek, CA 94596
   Telephone: (925) 359-7500
9  mjhassen@reallaw.us

10  Attorneys for Plaintiff Natalia Grabovsky, an individual person, on behalf of
    herself and all other persons similarly situated

11              UNITED STATES DISTRICT COURT

12             SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  Natalia Grabovsky, an individual person on behalf of herself and all others similarly situated, | Case No. **'20 CV0508 GPC BLM** |
| 14 | |
| 15                    Plaintiff, | **CLASS ACTION** |
| 16      v. | **COMPLAINT FOR VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW** |
| 17  EF INSTITUTE FOR CULTURAL EXCHANGE, INC., a California corporation, and EF EDUCATION | **[Cal. Bus. & Prof. Code §§ 17200, _et seq._]** |
| 18  FIRST INTERNATIONAL, AG a/k/a EF EDUCATION FIRST | |
| 19  INTERNATIONAL Ltd., a Swiss corporation | **[DEMAND FOR JURY TRIAL]** |
| 20 | |
| 21                    Defendants. | |
| 22 | |

Complaint For Violation of California's Unfair Competition Law
_Grabovsky v. EF Institute for Cultural Exchange, Inc., et al._

1    Comes now Plaintiff Natalia Grabovsky and alleges as follows:

2                                    **Parties**

3    1.    Plaintiff is a resident of the State of Arizona whose minor child

4    was scheduled to go on an EF Tour (as that term is defined, *infra*) until that

5    EF Tour was canceled by EF Defendants (as that term is defined, *infra*) as a

6    result of the Virus Epidemic (as that term is defined, *infra*).

7    2.    Defendant EF Institute for Cultural Exchange, Inc. (EFCAL) is

8    a California corporation.

9    3.    Defendant EF Education First International, Ltd., a/k/a EF

10   Education First International AG (EFSWISS) is a Swiss corporation.

11   4.    EFCAL and EFSWISS are collectively referred to as EF

12   Defendants.

13                                  **Jurisdiction**

14   5.    The Class Members (as that term is defined, *infra*) are citizens

15   of many different states of the United States such that minimal diversity

16   exists in this case for purposes of the federal Class Action Fairness Act of

17   2005 (28 U.S.C. Sections 1332(d) [CAFA]).

18   6.    This case involves more than five million dollars ($5,000,000)

19   in restitution damages thus meeting the minimum amount in controversy

20   requirement of CAFA § 1332(d)(6).

21

22

Complaint For Violation of California's Unfair Competition Law

*Grabovsky v. EF Institute for Cultural Exchange, Inc., et al.*

1    7.    This Court has personal jurisdiction over EF Defendants

2  because EFCAL is incorporated in the state of California, EF Defendants,

3  together, have promoted, marketed, and sold EF Tours in California, they

4  have sufficient minimum contacts with this State, and/or sufficiently avail

5  themselves to the markets of this State through their promotion, sales, and

6  marketing within this State to render the exercise of jurisdiction by this

7  Court permissible.

8                                    **Venue**

9    8.    Venue is appropriate in this District pursuant to CAFA §§

10  1391(b)(1) and/or (b)(3) because, as alleged above, this court has personal

11  jurisdiction over EF Defendants.

12                          **Charging Allegations**

13    9.    EF Defendants have each acted as the agents of the other in

14  doing and failing to do all of the things alleged herein.

15    10.    In addition to the foregoing, there is a sufficient unity of

16  interest between EFCAL and EFSWISS—each of which is wholly owned,

17  directly or indirectly, by members of the Switzerland-based Hult family—

18  that the Court should disregard the various organizational forms of the EF

19  Defendants and instead treat EFCAL and EFSWISS as being the alter egos

20  of each other for all purposes herein.

21

22

Complaint For Violation of California's Unfair Competition Law

*Grabovsky v. EF Institute for Cultural Exchange, Inc., et al.*

1    11.    EF Defendants promote, market, and sell tours involving air

2 travel, ground transportation, hotel, food, sightseeing, *etc.* that leave from

3 various points of origin in the United States and go to various places all over

4 the world (EF Tours).

5    12.    EF Defendants have sold thousands of EF Tours to EF Class

6 Members (as that term is defined, *infra*).

7    13.    EF Tours are sold to EF Class Members pursuant to a written

8 contract of adhesion (the EF 2019-2020 Adhesion Contract) that was drafted

9 solely by EF Defendants as a result of the EF Defendants being the parties to

10 the EF 2019-2020 Adhesion Contract who had by far the superior bargaining

11 power and which are presented to EF Class Members on a take it or leave it

12 basis.

13    14.    The EF 2019-2020 Adhesion Contract contains a clause stating

14 that EF Defendants may cancel, modify or delay EF Tours for public health

15 issues or quarantine or threats of public health issues. This clause then states

16 that if an EF Tour is canceled for the foregoing reasons the EF Defendants

17 will issue a travel voucher for the value of the monies paid, less certain non-

18 refundable fees, instead of a full cash refund (the No Public Health

19 Emergency Cash Refund Clause).

20    15.    In response to the worldwide public health emergency

21 occasioned by the coronavirus (the Virus Epidemic) as declared by the

22 World Health Organization on January 30, 2020, the EF Defendants have

3

1   previously and unilaterally canceled every EF Tour scheduled to leave the

2   United States on and after that date.

3      16.   On March 10, 2020, and relying on the No Public Health

4   Emergency Cash Refund Clause, the EF Defendants issued a letter to one

5   Melissa Douglas refusing to make any cash refund at all to her. Ms. Douglas

6   did not receive this March 10, 2020, letter until Monday, March 16, 2020.

7   *See* Exhibit 1.

8      17.   Next, on March 16, 2020, and in response to a complaint

9   Plaintiff had earlier made to the Arizona Office of Attorney General, the EF

10  Defendants sent the Arizona Office of Attorney General a letter concerning

11  Plaintiff stating that it would only refund Plaintiff $2,200 of the $3,200 she

12  was out of pocket without specifying any of the terms on which the EF

13  Defendants would even make that this partial refund. *See* Exhibit 2.

14     18.   Next, on March 17, 2020, sent Ms. Douglas Exhibit 3.

15     19.   This case is brought under California Business & Professions

16  Code section 17200 *et. seq.* (UCL).

17     20.   The UCL is a strict liability statute. *See Cortez v. Purolator Air*

18  *Filtration* (2000) 23 Cal.4th 163, 181.

19     21.   UCL § 17200 defines, *inter alia*, "unfair business competition"

20  as including any unfair and/or unlawful act or practice.

21     22.   A business act or practice is "unfair" under the UCL if it

22  offends an established public policy or is immoral, unethical, oppressive,

4

1  unscrupulous or substantially injurious to consumers, and that unfairness is

2  determined by weighing the reasons, justifications, and motives of the

3  practice against the gravity of the harm to the alleged victims.

4      23.    In canceling the EF Tours in response to the Virus Epidemic the

5  EF Defendants have until only very recently relied on the No Public Health

6  Emergency Cash Refund Clause to deny EF Class Members (as that term is

7  defined, *infra*) anything but what the No Public Health Emergency Cash

8  Refund Clause vaguely describes as "EF future travel voucher[s] for all

9  monies paid."

10     24.    In constantly changing their position as to what they may allow

11  EF Class Members as a cash refund, the EF Defendants have caused utter

12  confusion concerning what their actual position is and, with respect to

13  Exhibits 2-3, have made no effort to explain why a flat $1,000 penalty is at

14  all reasonable irrespective of whether an EF Class Member is out of pocket

15  $3,200 (which is what Plaintiff is out of pocket) or $15,000 (which many

16  other EF Class Members are out of pocket).

17     25.    The No Public Health Emergency Cash Refund Clause

18  constitutes an unfair business practice in that:

19      •      In light of all of the prior information available to the EF

20             Defendants concerning the potentially calamitous effects of

21             various world-wide public health emergencies that have either

22             already occurred or that have long been predicted as very likely

5

Complaint For Violation of California's Unfair Competition Law

*Grabovsky v. EF Institute for Cultural Exchange, Inc., et al.*

1    to occur (the Virus Epidemic included in this latter category) on

2    EF's and the travel industry's ability to serve the public, the EF

3    Defendants' conduct in placing the No Public Health

4    Emergency Cash Refund Clause into the EF 2019-2020

5    Adhesion Contract was both procedurally and substantively

6    unconscionable.

7    • From a procedural unconscionability standpoint, and as is

8    alleged, *supra*, the EF 2019-2020 Adhesion Contract was

9    drafted solely by EF Defendants as a result of the EF

10   Defendants having been the parties to the EF 2019-2020

11   Adhesion Contract who had by far the superior bargaining

12   power and who presented the EF 2019-2020 Adhesion Contract

13   to Plaintiff on a take it or leave it basis.

14   • Also, and because the EF Tours were sponsored by the various

15   public and private schools United States high schools which the

16   minor children of EF Class Members were attending with

17   persons otherwise employed by such United States high schools

18   as full-time teachers acting as the middlemen between the EF

19   Defendants and EF Class Members, EF Class Members were all

20   intentionally lulled into a false sense of security by the EF

21   Defendants' encouraging the belief that, like their children's

22   teachers, the EF Defendants had the best interest of EF Class

Complaint For Violation of California's Unfair Competition Law

*Grabovsky v. EF Institute for Cultural Exchange, Inc., et al.*

1    Members  and their families at heart, which the EF Defendants

2    didn't.

3    • From a substantive unconscionability standpoint, the EF

4    Defendants either knew or should have known (i) that in any

5    Virus Epidemic or similar world-wide public health emergency

6    it would not be realistically able to schedule any future EF

7    Tours for any particular time or place at any predictable cost

8    and (ii) that the financially negative effects of a Virus Epidemic

9    or similar world-wide public health emergency would

10   necessarily put the EF Defendants' own ability to remain

11   solvent so as to be able to later pay for the future delivery of the

12   reasonably equivalent goods and services that they would have

13   to acquire for them to honestly and fairly redeem the "EF future

14   travel voucher[s] for all monies paid" at some entirely

15   unpredictable time in the future into the most serious question

16   imaginable.

17   • From a substantive unconscionability standpoint, the EF

18   Defendants either knew or should have known as to any school-

19   sponsored EF Tours (i) that in any Virus Epidemic or similar

20   world-wide public health emergency it would not be

21   realistically possible for EF Class Members to reschedule their

22   EF Tours and (ii) that the likely impact of such a cancellation

7

1        on EF Class Members would be that they would lose some or

2        all of their pre-paid deposit to the unfair financial benefit of the

3        EF Defendants.

4        26.    A business practice is "unlawful" under the UCL if it violates

5    any other law or regulation, including but not limited to the California

6    Consumer Legal Remedies Act (C.C. §§ 1750 et. seq. (CLRA).

7        27.    For purposes of this UCL case, Plaintiff borrows the CLRA

8    which, consistent with the Douglas Complaint (as defined, *infra*), Plaintiff

9    presently contends the EF Defendants have previously violated.

10       28.    On March 11, 2020, a lawsuit (the Douglas Complaint) was

11   filed by Melissa Douglas against the EF Defendants in a case entitled

12   *Douglas v. EF Institute for Cultural Exchange, Inc., et al.*, San Diego

13   Superior Court, Case No. 37-2020-00013374-CU-MC-CTL alleging

14   violations of the CLRA. A copy of the Douglas Complaint is attached hereto

15   as Exhibit 4 and is hereby incorporated by reference at this point.

16       29.    The Douglas Complaint was served on EFCAL by personal

17   service on March 16, 2020. Service of the Douglas Complaint on EFSWISS

18   is still in process.

19       30.    Service of the Douglas Complaint on EF Defendants serves as

20   notice pursuant to CLRA § 1782(a) of the CLRA notice and a demand to

21   remedy the problems associated with the allegations contained therein.

22

Complaint For Violation of California's Unfair Competition Law

*Grabovsky v. EF Institute for Cultural Exchange, Inc., et al.*

1    31.    If EF Defendants fail to agree to satisfactorily remedy the

2    problems identified in the Douglas Complaint within 30 days of the date of

3    written notice, as proscribed by CLRA § 1782(a), then Plaintiff will move to

4    amend the complaint herein on behalf of herself and the EF Class Members

5    to pursue claims for the full panoply of CLRA remedies against EF

6    Defendants.

7                                    **Class Allegations**

8    32.    Plaintiff brings this action on behalf of herself and all other

9    United States citizens similarly situated.

10    33.    The class represented by Plaintiff (EF Class) is comprised of all

11    United States citizens (EF Class Members) who entered into an EF 2019-

12    2020 Adhesion Contract in connection with an EF Tour that was scheduled

13    to leave on and after January 31, 2020, arranged through their United States

14    public or private high school which EF Tour has now been canceled due to

15    the Virus Epidemic and who have since been refused a full refund from EF

16    Defendants based on the No Public Health Emergency Cash Refund Clause.

17    34.    On information and belief, Plaintiff alleges that there are tens of

18    thousands of EF Class Members.

19    35.    On information and belief, Plaintiff estimates that EF

20    Defendants owe not less than $5,000,000 in restitution damages to EF Class

21    Members.

22

Complaint For Violation of California's Unfair Competition Law
*Grabovsky v. EF Institute for Cultural Exchange, Inc., et al.*

1    36.    Questions of laws and fact common to the EF Class Members

2    predominate over questions affecting only individual members, including

3    whether the EF Class Members are entitled to restitution damages equal to

4    100% of what they are out-of-pocket under the UCL by virtue of EF

5    Defendants' refusal to issue full cash refunds to the EF Class Members for

6    EF Tours that have been canceled due to the Virus Epidemic.

7    37.    The claims of Plaintiff are typical of the claims of the EF Class

8    Members as described above.

9    38.    Treating this dispute as a class action is a superior method of

10   adjudication since the joinder of all possible absent class members would be

11   impractical.

12   39.    Additionally, the amount of damages would be modest on an

13   individual basis, although significant in the aggregate. It would be

14   impractical for most of the EF Class Members to address the EF Defendants'

15   wrongdoings individually. There should be no significant difficulties in

16   managing this case as a class action.

17   40.    Plaintiff can and will fairly and adequately represent and

18   protect the interests of EF Class Members. Plaintiff has retained competent

19   and experienced counsel, who will vigorously represent the interests of the

20   Class.

21

22

Complaint For Violation of California's Unfair Competition Law

*Grabovsky v. EF Institute for Cultural Exchange, Inc., et al.*

1
## FIRST CLAIM FOR RELIEF

2
## (Violation of UCL by EF Defendants)

3      41.     Plaintiff realleges the allegations contained in ¶¶ 1-40.

4      42.     Plaintiff has suffered actual loss in her money or property by

5 way of a monetary loss of $3,200 as a result of the EF Defendants' acts and

6 failures to act as alleged herein.

7      43.     EF Defendants' misconduct as described, *supra*, makes EF

8 Defendants liable for restitution damages in a sum of not less than

9 $5,000,000, in that such misconduct, and each and every aspect thereof,

10 disjunctively constitutes unfair and unlawful business practices.

11      WHEREFORE, Plaintiff prays for judgment as set forth below:

12      1.     That the EF Class described herein be certified; that Plaintiff be

13 designated the named class representative plaintiff and that Plaintiff's

14 counsel be appointed EF Class counsel.

15      2.     That the Court order that EF Defendants pay restitutionary

16 damages to the EF Class of all monies paid by the Class to EF Defendants in

17 a sum not less than five million ($5,000,000) dollars.

18      3.     For an injunction to enjoin the EF Defendants from enforcing

19 the No Public Heath Health Emergency Refund Clause against EF Class

20 Members thereby making it a contempt of Court for the EF Defendants to

21 thereafter refuse to make a full cash refund to EF Class Members should EF

22 Class Members demand that the EF Defendants do so.

Complaint For Violation of California's Unfair Competition Law

*Grabovsky v. EF Institute for Cultural Exchange, Inc., et al.*

1    4.    For an award of reasonable attorney's fees and costs to EF

2  Class Counsel.

3    5.    For such other and further relief as the Court may seem just.

4  Dated: March 17, 2020                    REALLAW PC
                                            MCGRANE PC
5

6                                           By: /s/ William McGrane_____
                                                William McGrane
7                                           Attorneys for Plaintiff Natalia Grabovsky, an
                                            individual person, on behalf of herself and all
8                                           other persons similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Complaint For Violation of California's Unfair Competition Law

*Grabovsky v. EF Institute for Cultural Exchange, Inc., et al.*

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff demands a trial by jury of all issues so triable pursuant to Rule

3  38 of the Federal Rules of Civil Procedure.

4    Dated: March 17, 2020                REALLAW PC
                                          MCGRANE PC

5
                                          By: /s/ William McGrane
6                                             William McGrane
                                          Attorneys for Plaintiff Natalia Grabovsky, an
7                                         individual person, on behalf of herself and all
                                          other persons similarly situated

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

*Grabovsky v. EF Institute for Cultural Exchange, Inc., et al.*